IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CENTRAL LABORERS' PENSION, )
WELFARE AND ANNUITY FUNDS, )
)
Plaintiffs, )
)
vs. ) Case No. 07-cv-0675-MJR
)
ATLAS PAVING & EXCAVATING, INC., )
ATLAS BUILDING COMPONENTS, )
HIGGINS CONSTRUCTION, )
ROBERT HIGGINS, individually, )
and LISA HIGGINS, individually, )
)
Defendants. )

MEMORANDUM and ORDER

REAGAN, District Judge:

Plaintiffs ("the Funds") properly obtained default judgment as to all five Defendants herein – each of whom failed to respond to the complaint and failed to respond to an order giving them an opportunity to oppose the motion seeking default judgment. On April 11, 2008, after reviewing documents detailing the damages, the undersigned Judge directed the Clerk of Court to enter judgment in favor of the Funds and against all five Defendants in the amount of $38,551.89.

That order carefully delineated the components of the award (including the portions representing delinquent contributions, attorney's fees and liquidated damages, etc.) and directed Defendants to produce certain payroll records for audit. This Court retained jurisdiction to enforce its order and judgment.

The five Defendants named in the 45-page complaint, named in the Clerk's entry of default and named in the default judgment are:

1- Atlas Paving & Excavating, Inc.,
2- Atlas Building Components,
3- Higgins Construction,
4- Robert Higgins, individually, and
5- Lisa Higgins, individually.

Judgment was entered on April 14, 2008. The Magistrate Judge assigned to this case (the Honorable Clifford J. Proud) then handled post-judgment collection matters herein, such as judgment debtor exams set following the issuance and service of citations to discover assets. The hearings before Judge Proud included a June 2, 2008 hearing at which Defendant Robert Higgins appeared.

On June 3, 2008, based on information discovered at the June 2nd hearing (indicating that Robert Higgins was about to pay $50,000 to Lisa Higgins pursuant to a property settlement in a Jersey County, Illinois marriage dissolution action), the Funds moved for a turnover order against Robert Higgins (see Doc. 44).

On July 8, 2008, Judge Proud granted the Funds' motion for turnover, noting (Doc. 55):

> Before the Court is [the Funds'] Motion for Turnover Order directed at Robert Higgins (Doc. 44). None of the defendants have responded, and the time for doing so has now expired....
>
> The Court hereby ... Orders defendant Robert Higgins to turn over to plaintiffs the sum of thirty eight thousand five hundred fifty one dollars and eighty nine cents ($38,551.89), that was to be paid to co-defendant, Lisa Higgins. Defendant shall turn the money over by July 22, 2008.

On August 19, 2008, Robert M. Higgins filed a "Motion for Relief from Order Pursuant to Rule 60" (Doc. 77), challenging Judge Proud's July 8th Turnover Order. As explained below, the undersigned District Judge concludes that the requested relief is not merited.

Robert M. Higgins' motion asks this Court to do two things: (1) enter an order "clarifying that judgment in this case is against his father, Robert L. Higgins, and not against him, Robert M. Higgins" and (2) "review the amount directed to be paid over, if any" (Doc. 77, p. 2). Robert M. Higgins (referred to in Doc. 77 and herein as "Petitioner") maintains that he was never served in the underlying action herein, he was not a named Defendant in the case, and – although he is properly the subject of the citation to discover assets proceedings and was served with those papers – "no company operated by Petitioner Robert M. Higgins (Atlas Building Components, Higgins Construction) is a proper debtor" (*id.*).

The first question before the Court is the standard governing Petitioner's August 19th motion. The motion is captioned as and expressly seeks relief under Federal Rule of Civil Procedure 60(b). Rule 60(b) provides relief from a final judgment, order or proceeding based on several grounds. The two bases relied on by Petitioner here are "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1) and "any other reason that justifies relief" under Rule 60(b)(6).[1]

---

[1] Different deadlines apply these two subsections. *See* **Fed. R. Civ. P. 60(c)(1)**; *Valadez v. Rydz*, – F.3d –, 2008 WL 3876398, *1 (7th Cir. Aug. 21, 2008), but the motion in the case at bar was timely-filed under either ground.

Assuming that Judge Proud's Turnover Order is a "final judgment or order" subject to Rule 60(b), motions under that Rule serve a limited function – "to correct manifest errors of law or fact or to present newly discovered evidence." *Hicks v. Midwest Transit, Inc.,* 531 F.3d 467, 475 (7th Cir. 2008). Stated another way, Rule 60(b) allows relief only "where 'special circumstances' justify an 'extraordinary remedy.'" *Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000). *Accord Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995).

Indeed, the Seventh Circuit repeatedly has emphasized that Rule 60(b) imposes an "exacting standard" under which the movant must demonstrate exceptional circumstances to prevail. *See Romo v. Gulf Stream Coach*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001); Ball v. City of Chicago, 2 F.3d 752, 760 (7th Cir. 1993)(distinguishing "exacting standard of Rule 60(b)" for motions filed more than ten days after the challenged judgment/order from "more liberal standard of Rule 59(e)" which applies to motions filed within ten days of the challenged judgment/order).

Petitioner has not demonstrated exceptional circumstances warranting this extraordinary remedy. The record before this Court reveals no evidence of mistake, inadvertence, surprise, excusable neglect or any other reason for relief under Rule 60(b).

Robert <u>M</u>. Higgins signed the contractual agreements at the heart of the underlying suit – the October 2004 Memorandum of Agreement and the November 2006 Participation Agreement. The signature line on the former document plainly contains the

middle initial "M" (*see* Doc. 2-4, p. 40), and both agreements were signed *after* Robert L. Higgins died (*see Certificate of Death* at Doc. 104).

Furthermore, Robert M. Higgins was served with the summons and complaint in this action on October 8, 2007 at #5 Industrial Drive in Jerseyville, Illinois (*see* Doc. 8) – several *years* after Robert L. Higgins passed away – and served with other pleadings herein after that. On March 16, 2008, Robert M. Higgins was served with a copy of the undersigned Judge's order setting a deadline for Higgins and his co-Defendants to object to the Funds' motion for default judgment (*see* Doc. 29, return containing middle initial "M" and reflecting service at same address – #5 Industrial Drive in Jerseyville, Illinois). Robert M. Higgins admits that he was served with citations to discover assets in the post-judgment proceedings (*see* Doc. 77, ¶ 4(d)). The fact that Robert M. Higgins appeared before Judge Proud at the June 2, 2008 hearing further demonstrates that he was served with the citation advising him of where and when to appear (*see* Doc. 43, p. 2).

Moreover, in October and November 2007, Robert M. Higgins exchanged phone calls and letters *discussing the very liability at issue herein* with the Funds' lawyer – five or six months *before* this Court granted default judgment (*see* Docs. 102-2, 102-3, 102-4).[2]

---

[2] The Funds also point out that the judgment of dissolution from the divorce case lists Robert's address as #5 Industrial Drive, Jerseyville, Illinois – the same address at which service was made of the complaint, the summons, and the order setting a deadline to oppose the Funds' default judgment motion herein.

This is not even a close question. Robert M. Higgins was well aware of the pendency of the above-captioned case. He *and his companies* (co-Defendants Atlas Paving, Atlas Building and Higgins Construction) were properly served with process, were served with an order setting a deadline to oppose default judgment, failed to timely respond to the complaint, elected not to oppose the motion for default judgment, did nothing once judgment was entered in April 2008, and were served with multiple citations to discover assets in post-judgment proceedings that followed.

Robert M. Higgins personally appeared at the June 2, 2008 hearing before Judge Proud (*see* minutes at Doc. 47) and was personally served with Judge Proud's Turnover Order (*see* Doc. 62). He only voiced opposition to this Court's judgment four months after it was entered, when collection efforts were in full swing.

Put simply, the "wrong" Mr. Higgins was not sued or served herein, and there has been no mistaken identity as to the Defendants or debtors involved. So even if Judge Proud's Turnover Order is considered a "final judgment or order" to which Rule 60(b) applies, no relief is available to Robert Higgins thereunder.

The Court's inquiry does not end there, however, for it is possible that – despite its label – the August 19, 2008 motion was intended as, essentially, an *appeal* to the undersigned District Judge from Magistrate Judge Proud's Turnover Order via objection under Federal Rule of Civil Procedure 72. So construed, the motion must still be denied.

Federal Rule of Civil Procedure 72(a) furnishes a method for parties unhappy with a Magistrate Judge's ruling on a non-dispositive motion in a civil case to obtain review by the District Judge presiding over the case:

> A party may serve and file objections to the order within 10 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Rule 72(a)'s clear error standard "means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943-44 (7th Cir. 1997). This District Judge has no such conviction regarding Judge Proud's Turnover Order, even if review could be had under Rule 72(a). Review is precluded in the case at bar, because objection was not timely made.

The August 19, 2008 motion was not filed within ten days after Robert M. Higgins was served with the Turnover Order. Service occurred on July 28, 2008 (*see* Doc. 62), so Higgins had to file any objection no later than August 11, 2008 (counting the ten days to exclude weekends). He failed to do so.

Having carefully reviewed the extensive record before it, the Court finds no basis for granting any relief requested by Robert M. Higgins and so **DENIES** his "Motion for Relief from Order" (Doc. 77).

The Court **DECLINES** – at this time – to award the Funds "their attorney fees and costs incurred since the entry of the Turnover Order" requested in their response to the Motion for Relief from Order (Doc. 102, p. 13). Any such request must be presented via separate detailed motion with supporting affidavit and would be referred to Magistrate Judge Proud for disposition.

IT IS SO ORDERED.

DATED this 16th day of October, 2008.

s/Michael J. Reagan
Michael J. Reagan
United States District Judge